# United States District Court
# Eastern District of California

| | |
|---|---|
| ISAAC L. SANDOVAL, | CIV S-08-1562 TJH |
| Petitioner, | |
| v. | Order |
| A. HEDGPETH, Warden, | |
| Respondent. | |

On September 26, 2003, Petitioner shot and killed a rival gang member at a local gas station market. Petitioner was seen earlier that evening reloading a gun and talking about shooting a "scrap" (a Sureno gang member). Later that night, Petitioner and his friend ran into two members of the Sureno gang. One of the Surenos asked Petitioner where he was from. Petitioner pulled out his gun, and shot the Sureno in the head from a distance of 20 feet. There was inconsistent evidence on who initiated the confrontation and who reached for his gun first, but the victim's gun was found in his front pocket after his death. The jury found Petitioner guilty of first degree murder, committed for the benefit of a gang, with intentional

1  discharge of a firearm causing death, and with a prior serious felony conviction. Petitioner was sentenced to 50 years to life.

Petitioner filed a writ of habeas corpus in California state court. His petition was denied. He, then, filed a petition in this Court. Petitioner seeks a writ of habeas corpus claiming: (1) The prosecutor made improper remarks at trial; (2) He was denied a fair trial due to the trial court's instructional errors; and (3) There was insufficient evidence to support a first degree murder conviction.

The Antiterrorism and Effective Death Penalty Act, 28 U.S.C. § 2254(d), provides that a federal court may grant habeas relief if a state court adjudication resulted in a decision that (1) was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court, or (2) was based on an unreasonable determination of the facts in light of the evidence presented in the state court proceeding.

Petitioner contends that the prosecutor misstated the law during closing arguments. However, Petitioner did not object to those remarks during the trial, and he does not offer evidence of cause. It is well established that a defendant who does not object to an alleged error at trial is not entitled to federal habeas review of the constitutional claim absent a showing of cause for noncompliance and prejudice. Wainwright v. Sykes, 433 U.S. 72, 87, 97 S. Ct. 2497, 2506, 53 L. Ed. 2d 594, 608 (1977). Thus, Petitioner forfeited the claim that the prosecutor committed misconduct by failing to object to his statements in the trial court.

Petitioner contends that a jury instruction, number 5.12 from California Jury Instructions, Criminal ("CALJIC") misled the jury as to his self-defense claim, and that the trial court erred by using CALJIC 5.54, 5.55 and 5.56 because there was no evidence that he sought the quarrel or initiated the assault.

. . . . . .

1       Generally, claims of error in state jury instructions are a matter of state law
2 and invoke no constitutional question unless they amount to a deprivation of due
3 process. Estelle v. McGuire, 502 U.S. 62, 73, 112 S. Ct. 475, 483, 116 L. Ed. 2d
4 385, 399-400 (1991). To prevail, a habeas petitioner must show that instructional
5 error so infected the trial that the resulting conviction violated due process. Cupp v.
6 Naughten, 414 U.S. 141, 146-47, 94 S. Ct. 396, 400, 38 L. Ed. 2d 368, 373
7 (1973).
8       At trial, the defendant did not request an instruction clarifying CALJIC 5.12.
9 Thus, any issue regarding the instruction is not entitled to habeas corpus review.
10 Sykes, 433 U.S. at 87.
11       CALJIC 5.54, 5.55 and 5.56 instructed the jury on self-defense. Petitioner
12 claims that the evidence did not support these instructions. Although there were
13 several versions of the incident, there was compelling strong evidence that Petitioner
14 initiated the assault (addressed by CALJIC 5.54), started the quarrel with the intent
15 of creating the necessity of exercising self-defense (addressed by CALJIC 5.55) or
16 created a situation of mutual combat (addressed by CALJIC 5.56). Additional
17 instructions stated that, "Whether some instructions apply will depend upon what
18 you find to be the facts. Disregard any instruction which applies to facts determined
19 by you not to exist." Because the jury remained free to exercise its judgment to
20 reject non-applicable instructions, the instructions could not have been applied in a
21 manner that infected the trial to the level required by Cupp. Cupp, 414 U.S. at 146-
22 47.
23       Petitioner, also, contends that the first degree murder conviction was based on
24 an unreasonable determination of the facts, in light of the evidence presented in the
25 state court proceeding. He claims that, based on the evidence, he is either entitled
26 to an acquittal due to self-defense evidence or a voluntary manslaughter conviction

due to provocation evidence.

First degree murder is "willful, deliberate, and premeditated killing." California Penal Code § 189. Premeditation can be established in the context of a gang shooting even though the time between the sighting of the victim and the actual shooting is very brief. People v. Sanchez, 26 Cal. 4th 834, 849, 111 Cal. Rptr. 129, 140 (2001). A "studied hatred enmity, including a preplanned resolve to shoot anyone in a certain neighborhood wearing a certain color is evidence of the most calculated kind of premeditation." Sanchez, 26 Cal. 4th at 849, 111 Cal. Rptr. at 140.

In analyzing a sufficiency of evidence claim, the court must inquire into whether any rational trier of fact could have found the petitioner guilty beyond a reasonable doubt, after looking at the evidence in the light most favorable to the state court judgment. Jackson v. Virginia, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560, 573 (1979).

Evidence, in the light most favorable to the state court judgment, shows that Petitioner, on the day of the shooting: (1) Was a validated member of the Norteno criminal gang; (2) Loaded bullets into his gun; (3) Stated that if he saw a "scrap" (a rival Sureno gang member) he would shoot him; (4) Was "mugging" (staring in confrontational manner) at the rival gang members at the store before they approached him; (5) Accepted the victim's challenge by answering that he was from Franklin; and (6) Shot the victim who was not reaching for his gun. This evidence was sufficient for a jury to conclude that Petitioner committed a "willful, deliberate, and premeditated killing." Petitioner is asking the Court to draw a different conclusion from that drawn by the jury with out providing adequate allegations to the lack of evidence for a first degree murder conviction. By ignoring the evidence that supports a first degree murder judgment and describing evidence he feels

supports a lesser crime, petitioner ignores the proper standard of review.  Jackson, 443 U.S. at 319.

Lastly, petitioner argues that the trial court erred in overruling an objection to the admission of his co-defendant's rap lyrics into evidence because they were "not relevant" and there was other, less prejudicial, evidence available to show gang affiliation.  At trial, defense counsel objected to the lyrics on California Evidence Code section 352 grounds, which state that a "court has discretion to exclude evidence if its probative value is substantially outweighed by the probability that its admission will create substantial danger of undue prejudice."  However, even if the evidence were admitted erroneously, the error is harmless when it appears "beyond a reasonable doubt that the error … did not contribute to the verdict obtained."  Chapman v. California, 386 U.S. 18, 24, 87 S. Ct. 824, 828, 17 L. Ed. 2d 705, 710-11 (1967).

Pursuant to California Penal Code section 186.22(b)(1), the defendant was charged with committing the offense "for the benefit of, at the direction of, and in association with a criminal street gang."  The lyrics are relevant to show that the gang petitioner associated with engaged in a pattern of criminal behavior.  The lyrics, as interpreted by the gang expert at trial, demonstrated that the Nortenos and Surenos were rivals, that disputes were resolved with violence, and that members of the Nortenos had motive and intent to kill members of the Surenos.  Thus, the lyrics were relevant in proving the elements of the charge, and the court did not err in overruling the objection to the admission of the evidence.  Secondly, Section 186.22 was thoroughly supported by evidence other than the rap lyrics, such that the jury verdict would have been the same absent the potential error.  In petitioner's own words in his habeas corpus petition, "the writing was unnecessary because there was already a 'vast amount' of other evidence to prove the 186.22 charge."  Thus, the

1 | evidence is harmless in accordance with the harmless-error rule in Chapman.
2 | Chapman, 386 U.S. at 24, 87 S. Ct. at 828, 17 L. Ed. 2d at 710-11.
3 |
4 |     It is Ordered that the petition for writ of habeas corpus be, and hereby is,
5 | Denied.
6 |
7 | Date:   July 24, 2012
8 | _____
9 | Terry J. Hatter, Jr.
   Senior United States District Judge